IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM C. MANLEY,

    Plaintiff,

v.                                  CASE NO. 4:12cv139-RH/CAS

HAROLD A. SMITH AND RIB, INC.,

    Defendants.

_____/

## ORDER REQUIRING THE PLAINTIFF TO ELECT WHETHER TO DROP OR GO FORWARD WITH THE § 1983 CLAIM

This is a dispute between adjoining landowners. The plaintiff William C. Manley claims an easement for drainage over property that was owned by the defendant Harold A. Smith and that Mr. Smith conveyed to a wholly owned corporation, the defendant Rib, Inc. The plaintiff sued the defendants in state court asserting claims under state law and under 42 U.S.C. § 1983. The defendants removed the case to this court. The case was removable solely because of the § 1983 claim.

The § 1983 claim is extraordinarily weak. It relies on the assertion that the § 1983 requirement for state action "is satisfied, where [a defendant] private party

makes use of state procedures involving action by government officials to deprive another of property rights without adequate due process of law." Complaint, ECF No. 1-1, at ¶ 46. The plaintiff's theory apparently is that the defendants obtained local-government approval of a site plan for the defendants' property that did not recognize the plaintiff's drainage easement, that neither the defendants nor the local government gave the plaintiff notice of the site-plan application, and that this deprived the plaintiff of property without due process of law. But under state law, a site plan does not trump a valid easement. And state law provides a wholly adequate remedy for enforcing a valid easement. The plaintiff has not denied this; to the contrary, the plaintiff has invoked the state-law remedy in its state-law claims.

The plaintiff has moved to voluntarily dismiss the § 1983 claim and to remand the case to state court on the ground that only state-law claims remain. The defendants do not oppose dismissal of the § 1983 claim and remand, but they assert the dismissal should be conditioned on the plaintiff's payment of the costs and attorney's fees incurred in removing the case. Those costs and fees were incurred solely as a result of the § 1983 claim, which the plaintiff has said it will not refile.

Federal Rule of Civil Procedure 41(a) explicitly provides authority to impose conditions on a voluntary dismissal of an action. The conditions may

include an award of costs and attorney's fees.  Here, though, the plaintiff's motion to dismiss the § 1983 claim is technically a motion for leave to amend to drop the *claim*, not a motion to voluntarily dismiss the *case* under Rule 41.  *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).") (internal citation omitted).  Still, the standards governing an award of costs and fees when a complaint is amended to drop a claim under circumstances like these are substantively the same as the standards governing an award when an entire case is voluntarily dismissed.  *See*, *e.g.*, *Boyce v. Augusta-Richmond Cnty.*, 111 F. Supp. 2d 1363, 1374-76 (S.D. Ga. 2000) (collecting cases).  And any doubt about the court's *authority* to tax fees and costs is eliminated here because any award would attend the remand of the case to state court.  *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.")

As a matter of discretion, I conclude that the plaintiff should be allowed to amend to drop the § 1983 claim, that the case should be remanded if that occurs, and that if that occurs, the defendants should recover the costs and fees incurred solely in connection with the removal and remand.  *Boyce* and a number of other cases support this result.  *See Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d

1500, 1513-14 (9th Cir. 1995); *Ruschel v. Nestle Holdings, Inc.*, 89 F. App'x 518, 521-22 (6th Cir. 2004); *Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 687 (N.D. Ga. 1997).

This result is wholly consistent with the Eleventh Circuit's cases addressing the voluntary dismissal of an entire case. Thus, for example, in *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir. 1986), the court said:

> A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. *See LeCompte*, 528 F.2d at 603; 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 41.06 (2d ed. 1985); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2366 (1971). Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees. *See American Cyanamid*, 317 F.2d at 298; *Bishop v. West American Insurance Co.*, 95 F.R.D. 494, 495 (N.D.Ga.1982). *Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit.* *See Germain*, 79 F.R.D. at 87.

*Id*. at 860 (emphasis added). The *McCants* suggestion that a fee award is "ordinarily" appropriate and might be limited to the fees that will not be useful in a later suit strongly supports an award here. The whole tenor of the plaintiff's proposed dismissal of the § 1983 claim is that it will not be brought again, thus allowing the entire dispute among these parties to be resolved in state court.

For these reasons,

Case No.   4:12cv139-RH/CAS

IT IS ORDERED:

The plaintiff must file by June 22, 2012, a notice stating whether he elects to drop or go forward with the § 1983 claim.  If the plaintiff elects to drop the claim, the claim will be dismissed, the case will be remanded to state court, and the plaintiff will be required to pay the costs and attorney's fees the defendants incurred solely in connection with the removal and remand.

SO ORDERED on June 8, 2012.

s/Robert L. Hinkle<br>United States District Judge

Case No.  4:12cv139-RH/CAS